· In the Matter of the Petition of John L. Mason,
Trustee, &c.

A testatrix devised a lot to executors in trust to receive rents until her
youngest child attained 21 years of age and apply the rents for the bene-
fit of her two youngest children until $350 should have been so obtained
for each, which amounts were to be placed in the Savings Bank to
accumulate until they should attain 21, unless the interest or principal
should be necessary for support or education; and after these sums (of
$350) had been set apart, the rents of the lot were to be appropriated
to the support of all her children (five) until the youngest became 21,
&c.; and, then, to sell the property and divide the proceeds equally
among the children share and share alike or among those living and the
representatives of those who should be dead, the representatives to take no
more than the parent would have taken. The sole acting executor (after
nine years of trust) died and this court had appointed a trustee who, on
the coming of age of the survivor of the two youngest children, sold
the lot. It did not appear whether such executor had laid aside either of
the sums of $350 out of the rents or that its use was wanted for support,
&c. Three of the children had died, embracing one of the two youngest,
two intestate, but one of the latter left a daughter and the other devising
his share under the will to the surviving younger brother: *The court held*,
that $350 could not now be taken from the purchase money of the lot for
the youngest surviving child; and that it was to go in thirds, one-third to
the daughter of the deceased child and two-thirds to the surviving younger
brother.

Petition of John L. Mason, trustee, appointed by the
court to execute trusts contained in the will of Marcella
O'Neil, deceased. It set forth such will, containing the fol-
lowing clauses :

"*Item.* I give and devise to my executors hereinafter
named and to the survivor of them my house and lot No.
90 Mulberry street, in the city of New York, in trust to re-
ceive the rents and profits thereof during the minority of
my children and until the youngest child shall arrive at
the age of twenty-one years and to apply the net rents and
proceeds thereof (after paying the ordinary charges thereon)
in the manner hereinafter mentioned, that is to say, in the
first place, to apply the said net rents and profits, as the
same shall, from time to time, be received, for the sole bene-

fit of my youngest children Henry and John, until the sum
of three hundred and fifty dollars shall have been in this
manner obtained for each of them; which amounts, that is
three hundred and fifty dollars for John and the like sum
for Henry, I wish and direct my executors to place for them
in the Savings Bank of the city of New York to accumu-
late for them until they shall respectively attain the age of
twenty-one years, unless the interest or the principal thereof
may be necessary for their comfortable support, maintenance
and education; and I hope that this provision for their younger brothers arises
from any undue partiality, since the advantages of educa-
tion and age which they enjoy more than counterbalance it
and will enable them, in case any unforeseen accident, to
maintain themselves entirely by their own industry, while
their younger brothers might be otherwise entirely destitute.
After the said sums of three hundred and fifty dollars for
each of the said boys, Henry and John, is set apart as
above directed, I desire that the rents of the said house
and lot should be appropriated to the support, maintenance
and education of all my children, Mary Jane, Felix, Ann,
Henry and John, until the youngest child becomes of age,
in case the income which they may receive from the pro-
perty they inherit from their father be not sufficient for that
purpose; but if it be, then, it is my will that the said rents
and profits be applied to the extinguishment of the princi-
pal of the mortgage now on the premises. And when the
youngest child shall become of age, it is my will and I do
hereby authorize and empower my executors hereinafter
named and the survivor of them to sell the said property
and divide the proceeds thereof among the said children
share and share alike or among such of them as shall be
living at that time and the representatives of such of them
as shall be dead, such representatives to take no more than
such deceased child would have had, had he or she been
living." —— "And I do hereby appoint Francis Cooper, of
the city of New York, gentleman, and my brother-in-law,
Felix O'Neil, executors of this my last will and testament;
and earnestly request that they become the guardians of my
children, &c."

MATTER OF
MASON.

1844.

The petition went on to show the death of the testatrix, the proving of the will in the year one thousand eight hundred and thirty-two and the granting of letters testamentary to Felix O'Neil alone; that he died in the month of December one thousand eight hundred and forty-one; and that on the twelfth day of January one thousand eight hundred and forty-two, by an order of this court, made on the petition of John O'Neil, an infant and one of the children of the said Marcella O'Neil, the petitioner now before the court, Mr. John L. Mason, was duly appointed trustee to perform the trusts declared in the said will; and that the said petitioner had acted as such trustee. That the whole estate of the said Marcella O'Neil which had come to the knowledge of the said petitioner consisted of a house and lot No. 90 Mulberry street, mentioned in the will. Also, that the testatrix, Marcella O'Neil, left her surviving five children, namely, two daughters, Mary Jane and Ann and three sons, Felix A., Henry C. and John; that the said Ann O'Neil had departed this life under the age of twenty-one years unmarried and without issue; that Mary Jane O'Neil died in the year one thousand eight hundred and thirty-seven, having previously intermarried with one Daniel McGrath, who was also dead, leaving her surviving Eliza McGrath, her only child, who was now of the age of seven years or thereabouts and that John McGrath had been duly appointed guardian of the person and estate of the said Eliza McGrath. That John O'Neil was the youngest son of the said Marcella O'Neil and that he had died in the month of July one thousand eight hundred and forty-three, aged nineteen years and seven months. That, as the petitioner was advised and submitted, from the fact of the death of the said John O'Neil under age, it became the duty of the petitioner to sell the said estate and distribute the proceeds; that, in accordance with this view, he had sold at auction the said house and lot No. 90 Mulberry street, to Henry C. O'Neil, the only surviving son of the said Marcella O'Neil, for thirty-two hundred dollars. That Felix O'Neil, the oldest son of the said Marcella O'Neil, departed this life on the twenty-eighth day of January one thousand eight hundred and forty-four, having previously made his will

whereby he devised and bequeathed all his estate, real and
personal, to his brother the said Henry O'Neil; that the
will had been proved and the said Henry, as executor, had
had letters testamentary granted to him thereon. That the
said Henry O'Neil claimed and insisted that he was en-
titled, as one of the children of his mother, under the will
aforesaid, by reason of the death of the said Ann O'Neil
and John O'Neil without issue to one third part of the net
proceeds of the said real estate and that, by reason of the
devise to him by his brother Felix O'Neil, he was entitled
to another third part of the nett profits of the estate so pur-
chased by him and that the said Elizabeth McGrath was
only entitled to one-third part of the said nett proceeds.
And that the said Henry C. O'Neil, also, claimed to be en-
titled, in addition to the said two-thirds, to the sum of three
hundred and fifty dollars, given to him by the said will
out of the rents of the said estate, which he alleged had
never been received by him. That, after the said petition-
er's appointment as trustee, he collected the rents of the
said house and lot as far as they could be collected; and
that he divided them between the said Felix O'Neil, Henry
C. O'Neil and John O'Neil, being advised that, by the true
construction of the will of the said Marcella O'Neil, the
said Eliza McGrath was not entitled to participate therein
during the continuance of the said trust estate. And the
said petitioner was advised and believed that, on the death
of the said John O'Neil, the said Eliza McGrath became
and was entitled to one-third part of the nett rents which
should accrue and be received from the said house and lot
after the death of the said John O'Neil. That, inasmuch
as the said Eliza McGrath was an infant of tender years
and was incapable of ratifying the acts of the petitioner in
the premises or of giving him a release on the full execution
of the trust, the petitioner was desirous of having the said
sale of the said house and lot ratified and confirmed by this
court and the proceeds of the sale distributed under its di-
rection among the parties entitled thereto and that he might
be discharged from the trusts of the said will on passing his
accounts.

*Prayer :* That it might be referred to a master to take

1844.

MATTER OF
MASON.

proof of facts and circumstances; examine and report what portion of the rents and profits and of the nett proceeds of the said household lot belonged to the said Henry O'Neil and the said Eliza McGrath respectively and to pass the accounts of the petitioner, as such trustee; and that the said sale might be ratified; and that, on the coming in and confirmation of the said report and on the petitioner paying to the said Henry C. O'Neil what might be reported due to him and, also, bringing into court and depositing with the clerk thereof the monies which might be reported due to the said Eliza McGrath, after deducting the costs and charges to which the petitioner might have been put in the premises, including the costs and expenses of this proceeding, that the petitioner might be discharged from the said trusts.

Mr. *J. L. Mason*, in *pro. per.*

Mr. *James T. Brady*, for the child of the deceased son, contended that all were to be benefitted from the outset; and that the fund should be distributed so as to make all equal.

*March* 11, 1845.

THE VICE-CHANCELLOR :—The testatrix died in April one thousand eight hundred and thirty. Felix O'Neil was the sole acting executor and trustee of the house and lot No. 90 Mulberry street, up to the time of his death in December one thousand eight hundred and forty-one. Mr. Mason succeeded him as trustee of the house and lot, under an order of this court made on the twelfth day of January one thousand eight hundred and forty-two. The former trustee's accounts are not presented so as to show whether or not he set apart or kept in his hands, out of the rents, the three hundred and fifty dollars given to each of the two younger boys. It was his duty, by the will, to obtain, out of the rents, that amount of money for each of them before appropriating the rents to other purposes: and, when those sums were made up, he was to deposit the money in the Savings Bank for them or to expend it in their education and support. It is to be presumed, until the contrary is

proved, that the former trustee performed his duty in that respect and that, during the nine years of his stewardship, he either expended that amount of money for the two boys out of the rents before making a general division among all the children or deposited it in the bank or retained it in his hands for them. Even if it should appear that they have never had the benefit of these preferred gifts of three hundred and fifty dollars out of the rents, it does not follow that the money is now to be paid out of the capital of the estate. Those were not gifts or legacies charged upon or payable other than out of the rents; and there is no suffi- cient reason, in my opinion, for allowing Henry to take the three hundred and fifty dollars out of the proceeds of sale of the house and lot at this time. Eliza McGrath, the in- fant, is entitled to her one-third of the net proceeds of sale, in right of her mother, free from the deduction of Henry's three hundred and fifty dollars. In all other respects, I believe the master's report upon the accounts and in rela- tion to the distribution of the funds in Mr. Mason's hands, as trustee, is correct.

*Ordered:* That the three hundred and fifty dollars, claimed to be due to Henry C. O'Neil out of the proceeds of the sale of the house and lot, be disallowed; and that the nett proceeds of the purchase money in the hands of John L. Mason, as trustee, free from such deduction or claim, be divided, two-thirds thereof to Henry C. O'Neil and one-third to the infant Eliza McGrath and that her share be paid into court, to be invested for her benefit. The costs of the petitioner, including the master's bill on the reference and the costs of the infant, to be paid out of the fund before the division is made.